UNITED STATES DISTRICT COURT FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KENNETH BECKER, M.D.<br>1617 - 34th Street, N.W.<br>Washington, D.C. 20007<br><br>and<br><br>NICOLE BECKER<br>1617 - 34th Street, N.W.<br>Washington, D.C. 20007<br><br>   Plaintiffs,<br><br>v.<br><br>JAMES LEDERER<br>13310 Keating Street<br>Rockville, Maryland 20853<br><br>and<br><br>TRANSPORTATION, INC. dba<br>RED TOP CAB<br>1200 N. Hudson Street<br>Arlington, VA 22201<br><br>Registered Agent of<br>TRANSPORTATION, INC.:<br>Thomas O. Lawson, Esq.<br>10805 Main Street, Suite 200<br>Fairfax, VA 22030<br><br>   Defendants. | CIVIL ACTION NO.: _____<br><br>JURY TRIAL DEMANDED |

COMPLAINT

Come now Plaintiffs Kenneth Becker, M.D. and Nicole Becker, by and through counsel, and for causes of action against Defendants James Lederer and Transportation, Inc. dba Red Top Cab, respectfully show the Court as follows:

Jurisdiction and Venue

1. Plaintiff Kenneth Becker, M.D. ("Dr. Becker") is a resident and citizen of the

1

District of Columbia.

2. Plaintiff Nicole Becker ("Mrs. Becker") is a resident and citizen of the District of Columbia.

3. Dr. and Mrs. Becker are cohabitating husband and wife and have been such for many years.

4. Defendant James Lederer ("Mr. Lederer") is an adult individual, who is a resident and citizen of the State of Maryland, and is believed to reside at 13310 Keating Street, Rockville, Maryland 20853.

5. Defendant Transportation, Inc. dba Red Top Cab ("Red Top Cab") is a corporation organized under the laws of the Commonwealth of Virginia in which jurisdiction it is believed to maintain its principal place of business at 1200 North Hudson Street, Arlington, Virginia 22201, and thus for diversity purposes it is a resident and citizen of that jurisdiction pursuant to 28 U.S.C. § 1441 and 28 U.S.C. § 1332(c).  Further, the Registered Agent of Red Top Cab is Thomas O. Lawson, Esq., whose Registered Office is 10805 Main Street, Suite 200, Fairfax, Virginia 22030.

6. Based upon the foregoing, there exists complete diversity of citizenship between all Plaintiffs on the one hand, and all Defendants on the other, within the meaning of 28 U.S.C. § 1332.

7. The required amount in controversy exceeds $75,000, exclusive of interest and costs.

8. Based upon the foregoing, this Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332.

9. This case arises out of a motor vehicle collision between a Red Top Cab being driven by Mr. Lederer in the District of Columbia in the 1500 block of 35th Street, N.W., and Dr.

Becker, then a pedestrian, which occurred on or about December 14, 2013.

    10.    Based on the foregoing, all causes of action alleged herein are subject to D.C. Code § 13-423(a)(1) and (3), in that Defendants caused tortious injuries to Plaintiffs in the District of Columbia by acts or omissions occurring in the District of Columbia, and said tortious injuries also arose out of the fact that Defendants were doing business in the District of Columbia.

    11.    Based upon the foregoing, pursuant to 28 U.S.C. § 1291 this is a judicial district in which the events giving rise to the claims made herein arose, and there is no other district in which both Defendants might be sued. Further, this is a judicial district in which Defendants are subject to this Court's jurisdiction pursuant to the District of Columbia long-arm statute § 13-423, D.C. Code. Thus, this Court is the proper venue for this action.

Facts

    12.    At all times relevant hereto, Red Top Cab operated a taxicab business situated in Arlington County, Virginia but also performed taxi services in the District of Columbia and other area jurisdictions. Red Top Cab holds a required authorization from Arlington County, Virginia to operate as a public cab company.

    13.    At all times relevant hereto, Mr. Lederer operated a taxicab in Arlington County, Virginia, and in the District of Columbia, bearing Red Top Cab's name and insignia, with the consent and approval of Red Top Cab's management.

    14.    On or about December 14, 2013, Mr. Lederer was operating the subject Red Top Cab in the District of Columbia, with the consent and approval of Red Top Cab's management. At that time, Mr. Lederer was driving the subject Red Top Cab southbound on or about the 1500 block of 35th Street, N.W., Washington, D.C.

15. At the same time and place, Dr. Becker had just parked his vehicle at the right hand curb on or about the 1500 block of 35th Street, N.W. Dr. Becker then exited his vehicle and locked the driver's door.

16. Dr. Becker began walking along his vehicle toward the rear of his car. Dr. Becker was then violently struck by the Red Top Cab which was being driven by Mr. Lederer.

17. The Red Top Cab came so fast that there was no opportunity for Dr. Becker to avoid being hit by the Red Top Cab.

18. The Red Top Cab made no effort to slow or turn away from Dr. Becker.

19. Dr. Becker was clearly visible to Mr. Lederer at all times relevant hereto.

20. The collision with Dr. Becker was caused by the negligence of Mr. Lederer in that, among other acts and omissions, he:

 A. Operated the Red Top Cab he was driving at a dangerous and excessive rate of speed, under the circumstances then and there existing;

 B. Failed to reduce speed to avoid a collision;

 C. Failed to swerve, or stop the cab, to avoid a collision;

 D. Failed to observe due care and precaution, and he failed to maintain proper and adequate control of the motor vehicle he was driving;

 E. Failed to keep a proper lookout for other vehicles and pedestrians lawfully upon the roadway; and

 F. Failed to exercise reasonable care in the operation of the said Red Top Cab under the circumstances then and there existing.

 G. As a driver on a public roadway, Mr. Lederer was required to use ordinary care at

all times to avoid colliding with other persons and to avoid placing others in danger, which were duties which he failed to satisfy.

H.	Mr. Lederer had a duty to keep a proper lookout, meaning that he was required to reasonably observe traffic and other conditions which confronted him to protect others, including Dr. Becker, who were using the roadway.

I.	Mr. Lederer had a duty to look effectively and to see what use others were making of the said roadway which was a duty which he failed to satisfy.

J.	As a driver on a public roadway, Mr. Lederer was required to use ordinary care at all times to avoid colliding with other persons, and to avoid placing others, including Dr. Becker, in danger, which Mr. Lederer failed to do.

K.	Further, Mr. Lederer, in other respects, was negligent, in manners not now known to Dr. Becker, but which may become known prior to, or at the time of, the trial.

21.	Mr. Lederer's negligence was the direct and proximate cause of the injuries suffered by Dr. Becker, all of which were foreseeable and avoidable.

22.	At all times relevant hereto, Mr. Lederer was the agent of Red Top Cab, and was acting within the scope of his employment by Red Top Cab.

23.	Red Top Cab is vicariously liable for the negligence of Mr. Lederer, which is the subject of this action.

24.	The injuries to Dr. Becker resulting from the above negligence of both Defendants included, but were not limited to, the following:

A.	Dr. Becker suffered painful, very serious, and permanent injuries which required major surgery, and a long period of hospitalization and institutional care, and which

injuries will require further surgery.

B. Dr. Becker's physical injuries have had a detrimental effect on his overall physical and emotional well-being.

C. Dr. Becker has suffered physical pain and emotional distress as a result of the negligence.

D. Dr. Becker will continue to suffer physical pain and emotional distress in the future.

E. Dr. Becker has suffered and will continue to suffer inconvenience.

F. Dr. Becker has incurred and will continue to incur substantial medical expenses.

G. Dr Becker has suffered and will continue to suffer loss of earnings.

H. Dr. Becker has suffered long term, permanent and residual injuries.

I. Dr. Becker incurred significant expenses of remodeling his residence, so that he was able to fully access his house, because of his limited mobility resulting from the injuries.

25. Defendants are subject to the requirements of those portions of the Arlington, Virginia Code dealing with cab companies.

26. Defendant Red Top Cab is a "Virginia Vehicle Owner," and Defendant Mr. Lederer is a "Driver". Under the provisions of the Arlington County Code, Chapter 25.1, § 7.E, if a judgment is rendered against either or both Defendants, then the provisions of the Code shall be timely and properly carried out, as stated below:

> "E. If judgment is rendered against the Vehicle Owner, or Driver, or both, in any court of competent jurisdiction by reason of any accident for which self-insurance or an insurance policy is provided in this section, then the Vehicle Owner shall, within twenty-four (24) hours after the rendition of such judgment, whether appealed from or not, maintain the total amount of insurance required by this

section or any other provision of law, whichever is greater, so that no reduction in insurance coverage results from such judgment."

DEMANDS

COUNT I – COMMON LAW NEGLIGENCE

27.   Plaintiffs reallege all of the foregoing, and incorporate the same herein by reference.

28.   Based upon the foregoing, Mr. Lederer is guilty of negligent driving, such negligence being the direct and proximate cause of Dr. Becker's injuries aforesaid, each of which was foreseeable.

29.   Red Top Cab is similarly liable, as Mr. Lederer was the agent of Red Top Cab.

30.   Red Top Cab is also vicariously liable for the negligence of Mr. Lederer, which is the subject of this action.

WHEREFORE, Dr. Becker demands judgment against the Defendants, jointly and severally, as follows:

   A.   Compensatory Damages $1,000,000;

   B.   Costs of this suit;

   C.   Such other and further relief as to the Court shall seem just; and

   D.   An Order directing Red Top Cab to comply with Arlington County Code § 25.1-7.E.

COUNT II – NEGLIGENCE PER SE

31.   Plaintiffs reallege all of the foregoing, and incorporate the same herein by reference.

32.   At the time of the subject collision, D.C. Code § 50-2201.04 provided, in pertinent

part, that:

> "(a) No vehicle shall be operated at a greater rate of speed than permitted by the regulations adopted under the authority of this part.
>
> (b) A person shall be guilty of reckless driving if the person drives a vehicle upon a highway carelessly and heedlessly in willful or wanton disregard for the rights or safety of others, or without due caution and circumspection and at a speed or in a manner so as to endanger or be likely to endanger a person or property.
>
> \* \* \*
>
> (2) Causes bodily harm or permanent disability or disfigurement to another."

33. Defendant Mr. Lederer, and Defendant Red Top Cab, acting through Mr. Lederer, violated the above stated statute and thereby caused the collision and injuries to Dr. Becker aforesaid, in that he drove the subject cab at a greater rate of speed than that permitted under the regulations, and drove it carelessly and heedlessly in a wanton disregard for the rights or safety of others.

34. The said statute was enacted to protect persons in Dr. Becker's position, and to prevent the type of accident that occurred as described above.

35. Based upon the foregoing, Mr. Lederer, and Red Top Cab, acting through Mr. Lederer, are guilty of negligent driving, such negligence being the direct and proximate cause of Dr. Becker's injuries aforesaid, including bodily harm and permanent disability, all of which was foreseeable.

WHEREFORE, the premises considered, Plaintiffs demand judgment against Defendants, jointly and severally, as follows:

A. Compensatory Damages $1,000,000;

B. Costs of this suit;

C.      Such other and further relief as to the Court shall seem just; and

D.      An Order requiring Red Top Cab to comply with Arlington County Code § 25.1-7.E.

### COUNT III – LOSS OF CONSORTIUM

36.      Plaintiffs reallege all of the foregoing, and incorporate the same herein by reference.

37.      As the result of the negligence of Mr. Lederer, and Red Top Cab, acting through Mr. Lederer, as described above, Dr. Becker was injured as aforesaid.

38.      Mrs. Becker, as the wife of Dr. Becker, has suffered in the form of a loss of consortium, as the result of the foregoing injuries sustained by Dr. Becker, including not only his material services, but also his love, affection, society, companionship, and other matters generally associated with a marital relationship.

39.      Specific examples of material services previously performed by Dr. Becker included handling family medical decisions, health insurance planning, resolution of insurance issues, financial planning, bill paying, tax consideration, retirement decisions, house repair decisions, car maintenance issues, and responsibility of purchases for the family.  Because of Dr. Becker's serious injury, Mrs. Becker was suddenly thrust into taking on activities that she had never handled during their long marriage.  Further, the couple's long, stable, and loving relationship was turned into a period of constant anxiety, stress, worry, and fear.

40.      Under the established law of the District of Columbia, a husband or wife is entitled to the other spouse's material services, love, affection, society, companionship, and other matters generally associated with a marital relationship.

WHEREFORE, Mrs. Becker demands judgment against the Defendants, jointly and severally, as follows:

- A. Compensatory Damages $100,000;

- B. Costs of this suit;

- C. Such other and further relief as to the Court shall seem just; and

- D. An Order requiring Red Top Cab to comply with Arlington County Code § 25.1-7.E.

Dated: January 12, 2015             Respectfully submitted,

*/s/* Philip F. Hudock
Philip F. Hudock, Esq., D.C. Bar #6130
Co-Counsel for Plaintiff,
Kenneth Becker, M.D.
11874 Sunrise Valley Drive, Suite 101
Reston, VA 20191-3324
Tel: (703) 757-9577
Fax: (703) 757-9507
*phudock@aol.com* e-mail


*/s/* Robert N. Levin
Robert N. Levin, Bar#79137
Law Offices of Robert N. Levin, PC
Co-Counsel for Plaintiff
Kenneth Becker, M.D.
9801 Washingtonian Blvd, Suite 750
Gaithersburg, MD 20878
Tel: (301) 517-8727
Fax: (301) 762-4056
*rnl@LawofficesofRobertLevin.com* e-mail

## JURY DEMAND

Plaintiffs demand trial by jury of all issues so triable herein.

> */s/* Robert N. Levin
> Robert N. Levin
>
> */s/* Philip F. Hudock
> Philip F. Hudock