# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

KENNETH BECKER, M.D., et ux.
                Plaintiffs,

        v.

JAMES LEDERER, et al.
                Defendants

Civil Action No. 15-cv-0044 (AK)

## MEMORANDUM OPINION

Pending before this Court is a Motion for Summary Judgment by Defendants James Lederer and Transportation, Inc. doing business as Red Top Cab ("Defs' Mot. for Summ. J."[20]) and Plaintiff Kenneth Becker's Motion for Partial Summary Judgment ("Pl.'s Mot. for Partial Summ. J."[21].)[1] Upon consideration of the Defendants' Motion for Summary Judgment [20], Plaintiff's Motion for Partial Summary Judgment [21], Plaintiff's Memorandum of Points and Authorities In Opposition To Defendants' Motion for Summary Judgment and Plaintiff's Counterstatement of Material Facts [22], Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment [23], and Plaintiff's Reply Memorandum of Points and Authorities to Defendants' Opposition to Plaintiff's Motion for Partial Summary Judgment [24], the Court finds that a genuine dispute of material facts precludes summary judgment in this matter. Accordingly, the Defendants' Motion for Summary Judgment [20] shall be **DENIED**. Plaintiff's Motion for Partial Summary Judgment [21] shall also be **DENIED**. An appropriate Order accompanies this Memorandum Opinion.

---

[1] Plaintiff Kenneth Becker moves for Partial Summary Judgment as to liability on Counts I and II of the Complaint.

# I. BACKGROUND

On January 12, 2015, Plaintiff ("Plaintiff" or "Dr. Becker") filed a Complaint with the District Court to recover for injuries caused when a Red Top Cab struck him as he attempted to cross the street after exiting his vehicle near the 1500 block of 35th Street, N.W.  (Pl.'s Complaint [1], ¶¶ 15-16.)[2]  On December 14, 2013, at approximately 9:00 p.m., Dr. Becker exited his vehicle and locked the driver's door.  He began "walking along his vehicle toward the rear of his car" when he was struck by the Red Top Cab driven by Defendant ("Defendant" or "Mr. Lederer").  (*Id.*)

Plaintiff contends that Mr. Lederer was driving at an excessive speed for the road conditions and was unable to avoid hitting Dr. Becker.  (*Id.* ¶ 20(A).)  Plaintiff claims he suffered "painful, very serious, and permanent injuries which required major surgery, and a long period of hospitalization and institutional care."  (*Id.* ¶ 24(A).)  He asserts that the detrimental effect on his overall physical and emotional well-being and the need for additional surgery will extend into the future.  (*Id.* ¶ 24(B-D).)  Plaintiff seeks to recover $1 million of compensatory damages under Count I for common law negligence.  (*Id.* ¶¶ 27-30.)  Under Count II for negligence per se, Plaintiff seeks to recover $1 million of compensatory damages.  (*Id.* ¶¶ 31-35.)  Under Count III, loss of consortium, Plaintiff Nicole Becker seeks to recover $100,000.  (*Id.* ¶¶ 36-40.)

On January 20, 2015, Defendants filed their answer denying the allegations of negligence.  (Defs' Answer [6] at 2-4.)  On March 23, 2015, the parties consented to proceeding before Magistrate Judge Alan Kay for all purposes.  (Consent [12].)  On August 27, 2015, this

---

[2] Page numbers cited are ECF page numbers.

matter was assigned to the Court's Alternative Dispute Resolution Program with joint agreement by the parties.  (Order [16].)

On January 14, 2016, Defendants filed their Motion for Summary Judgment.  (Defs' Mot. for Summ. J. [20].)  Mr. Lederer claims that he stopped at a stop sign on Q Street, proceeded through the intersection, past the opposite crosswalk and travelled approximately 100 feet before his vehicle collided with Dr. Becker's left leg.  (Defs' Statement of Material Facts Not In Issue [20], ¶ 2.)  At the time of the accident it was dark, raining, there was poor visibility, Plaintiff was wearing dark clothing, and Mr. Lederer was driving 5-10 miles per hour.  (*Id.* ¶ 3.)  Mr. Lederer claims that he did not see Dr. Becker until the point of collision because Dr. Becker was not in the crosswalk.  (*Id.* ¶ 2.)  Defendants assert that Plaintiff parked his vehicle on the west side of 35th Street, southbound, 100 feet south of the intersection and the crosswalk, and attempted to walk in an easterly direction across 35th Street to his home on 34th Street.  (*Id.* ¶ 4.)

Defendants argue that the Plaintiff is contributorily negligent and barred from recovery in the District of Columbia, and the Plaintiff has not presented any evidence of Defendants' negligence.  (Defs' Mem. of P. & A. [20] at 9.)  According to Defendants, Plaintiff admitted that he was not in the crosswalk and stepped into the travel portion of the roadway without seeing the taxicab.  (*Id.*)  Further, Defendants contend that there is "no evidence of negligence, no evidence of speed, inattention, distraction or impairment regarding the defendant's actions."  (*Id.*)

Plaintiff counters that he has consistently "provided sworn statements that he was in the crosswalk."  (Pl.'s Mem. of P. &A. in Opp'n to Defs' Mot. for Summ. J. and Pl.'s Counterstatement of Material Facts [22] at 3.)  Further, Plaintiff claims that there is nothing in Defendants' statements that supports the proposition that Mr. Lederer drove 100 feet past the crosswalk before striking plaintiff.  (*Id.*)  In his deposition, Mr. Lederer stated that he did not

know precisely how far past the crosswalk he had driven before striking Plaintiff.  (*Id.*)

Moreover, Mr. Lederer did not know how fast he was driving.  In his deposition, Mr. Lederer

states that he may have been driving between 10 to 15 miles an hour, but he also states he was

simply driving below the speed limit.  (*Id*. at 4.)  The range of speeds provided in Mr. Lederer's

deposition is somewhere between 5 and 25 miles an hour.  (*Id*. at 4.)

Plaintiff filed a Motion for Partial Summary Judgement with respect to liability only on

Counts I and II of the Complaint.  (Pl.'s Mot. for Partial Summ. J. [21].)  Plaintiff argues that he

was struck while in a crosswalk and that Mr. Lederer admitted that Dr. Becker was in the

crosswalk during his deposition.  (Pl.'s Mem. of P. & A. in Support of Mot. for Partial Summ. J.

[21-1] at 2.)  Plaintiff notes that Mr. Lederer filed an errata sheet five months after the deposition

transcript was available that would change his testimony to insert "not" before the statement that

Dr. Becker was in the crosswalk.  (*Id*.)  Plaintiff claims that Defendants' effort to change the

deposition transcript is barred under Fed. R. Civ. P. 30, because the request exceeds the 30 day

limitation on review of the transcript.  (*Id*. at 8-9.)  Without a change to the deposition, Plaintiff

argues that the record indicates that Dr. Becker was in the crosswalk when he was struck.  (*Id*.)

Moreover, Plaintiff argues that "[e]ven if Dr. Becker's conduct had been egregious (which

Defendants have never claimed), he would still be protected under the law in the District of

Columbia based on the last clear chance doctrine.  (*Id*. at 3) (citing *Juvenalis v. District of

Columbia*, 955 A.2d 187 (D.C. 2008); *Long v. Mercer*, 125 A.2d 685 (D.C. 1956); *Mahnke v.

Washington Metro Area Transit Auth.*, 821 F. Supp. 2d 125 (D.D.C. 2011); *Washington Metro.

Area Transit Auth. v. Young*, 731 A.2d 389 (D.C. 1999)).

In their reply, Defendants clarify that the counsel for Mr. Lederer waived the reading of

Mr. Lederer's deposition.  (Defs' Opp'n to Pl.'s Mot. for Partial Summ. J. [23] at 7.)  On

October 22, 2015, the transcription error came to light during the Mediation Conference. (*Id.*)

Within five days, Defendants obtained an affidavit from the court reporter which reflects that Mr.

Lederer had stated that, "he's <u>not</u> in the crosswalk" during deposition. (*Id.*) According to

Defendants, the "transcription error was confirmed as an error by affidavit of the court reporter

after checking stenographic notes and listening to the backup tape." (*Id.*)

## II. LEGAL STANDARD

A court should grant summary judgment if the pleadings, depositions, answers to

interrogatories, and affidavits demonstrate that there is no genuine issue of material fact in

dispute and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P.

56(c); *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986); *Tao v. Freeh*, 27 F. 3d 635, 638

(D.C. Cir. 1994). The mere existence of some factual dispute is insufficient on its own to bar

summary judgment; the dispute must pertain to a "material" fact. *Id.* Accordingly, "[o]nly

disputes over facts that might affect the outcome of the suit under the governing law will

properly preclude the entry of summary judgment." *Anderson v. Liberty Lobby, Inc.*, 477 U.S.

242, 248 (1986). Nor may summary judgment be avoided based on just any disagreement as to

the relevant facts; the dispute must be "genuine," meaning that there must be sufficient

admissible evidence for a reasonable trier of fact to find for the non-movant. *Id.*

In order to establish that a fact is or cannot be genuinely disputed, a party must (a) cite to

specific parts of the record—including deposition testimony, documentary evidence, affidavits or

declarations, or other competent evidence—in support of her position, or (b) demonstrate that the

materials relied upon by the opposing party do not actually establish the absence or presence of a

genuine dispute. Fed. R. Civ. P. 56(c)(1). Conclusory assertions offered without any factual

basis in the record cannot create a genuine dispute sufficient to survive summary judgment.

*Ass'n of Flight Attendants—CWA, AFL—CIO v. U.S. Dep't of Transp.*, 564 F.3d 462, 465–66 (D.C.Cir.2009).  Moreover, where "a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact," the district court may "consider the fact undisputed for purposes of the motion."  Fed. R. Civ. P. 56(e).

When faced with a motion for summary judgment, the district court may not make credibility determinations or weigh the evidence; instead, the evidence must be analyzed in the light most favorable to the non-movant, with all justifiable inferences drawn in her favor. *Liberty Lobby*, 477 U.S. at 255 (1986).  If material facts are genuinely in dispute, or undisputed facts are susceptible to divergent yet justifiable inferences, summary judgment is inappropriate. *Moore v. Hartman*, 571 F.3d 62, 66 (D.C.Cir.2009).  In the end, the district court's task is to determine "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law."  *Liberty Lobby*, 477 U.S. at 251–52 (1986).  In this regard, the non-movant must "do more than simply show that there is some metaphysical doubt as to the material facts," *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp*., 475 U.S. 574, 586, 106 S.Ct. 1348, 89 L.Ed.2d 538 (1986); "[i]f the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." *Liberty Lobby*, 477 U.S. at 249-50 (1986) (internal citations omitted).

To prevail on a motion for summary judgment as to liability, Defendants must establish that they were not negligent as a matter of law.  Furthermore, because "[t]he District of Columbia is one of the few jurisdictions in which the claimant's contributory negligence can act as a complete defense to the defendant's liability for negligence," *Jarrett v. Woodward Bros., Inc.*, 751 A.2d 972, 985 (D.C.2000), Plaintiff must also demonstrate the absence of a genuine issue of material fact as to his own contributory negligence. *See Liberty Lobby*, 477 U.S. at 248

6

("disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.").

Issues of negligence and contributory negligence are rarely appropriate for summary judgment. As courts in the District of Columbia have repeatedly noted, "[o]nly in exceptional cases will questions of negligence [and] contributory negligence ... pass from the realm of fact to one of law." *Paraskevaides v. Four Seasons Wash.*, 292 F.3d 886, 893 (D.C.Cir.2002) (quoting *Shu v. Basinger*, 57 A.2d 295, 295–96 (D.C.1948)); see also *Lyons v. Barrazotto*, 667 A.2d 314, 322 (D.C.1995) ("[i]ssues of contributory negligence, like issues of negligence, present factual questions for the trier of fact [u]nless the evidence is so clear and undisputed that fair-minded men can draw only one conclusion.") (internal citations omitted). This is no less true in tort claims involving car accidents, as "[a]utomobile collisions at street intersections nearly always present questions of fact ... Only in exceptional cases will questions of negligence, contributory negligence, and proximate cause pass from the realm of fact to one of law." *Aqui v. Isaac*, 342 A.2d 370, 372 (D.C.1975) (citation omitted); see generally *Mahnke v. Washington Metro. Area Transit Auth.*, 821 F.Supp.2d 125, 132–33 (D.D.C.2011) (summarizing case law in this area).

### III. DISCUSSION

Both the Defendant and Plaintiff move for summary judgment. Defendants argue that the factual record conclusively establishes Plaintiff's contributory negligence while the Plaintiff argues that the record establishes the Defendants' negligence as a matter of law. This Court concludes otherwise. A genuine dispute over multiple issues of material fact precludes summary judgment. Accordingly, summary judgment is inappropriate on the issue of liability.

**1. Defendants' Motion for Summary Judgment.**

Defendants claim that Plaintiff crossed the street without looking for cars or crossing at the crosswalk and his contributory negligence bars him from recovery.  (Defs' Mot. for Summ. J. [20] at 9.)  Further, the Defendants assert that the Plaintiff has provided no evidence of negligence on the part of Defendants.  (*Id.*)  These claims will be addressed in order.

**a. Contributory Negligence.**

Under the substantive tort law of the District of Columbia, the doctrine of contributory negligence completely bars a plaintiff's recovery where his failure to use ordinary care proximately caused his injuries. *See Andrews v. Wilkins*, 934 F.2d 1267, 1272 (D.C.Cir.1991) (citing *Wingfield v. Peoples Drug Store*, 379 A.2d 685, 687 (D.C.1977)).  Because contributory negligence is an affirmative defense, the defendant must "establish, by a preponderance of the evidence that the plaintiff failed to exercise reasonable care." *Poyner v. Loftus*, 694 A.2d 69, 71 (D.C.1997) (citing *Singer v. Doyle*, 236 A.2d 436, 438 (D.C.1967)). Questions of negligence and contributory negligence are ordinarily decided by the trier of fact. *Poyner*, 694 A.2d at 71.

In the District of Columbia the pedestrian owes a duty of care not to cross a street in front of a moving vehicle.

> Each pedestrian crossing a roadway at any point other than within a marked crosswalk, or within an unmarked crosswalk at an intersection, shall yield the right-of-way to all vehicles upon the roadway.  D.C. Mun. Regs. tit. 18, § 2304.2.

> No pedestrian shall suddenly leave a curb, safety platform, safety zone, loading platform, or other designated place of safety and walk or turn into the path of a vehicle which is so close that it is impossible for the driver to yield.  D.C. Mun. Regs. tit. 18, § 2303.2.

In the light most favorable to the non-moving party, Plaintiff, a genuine dispute of a material fact prevents the conclusion that the Plaintiff was contributorily negligent as a matter of

law.  Defendants argue that the record indicates, without dispute, that the Plaintiff was not in the

crosswalk.  However, the deposition of the Plaintiff indicates otherwise. (Pl.'s Dep. [22-2] at 2.)

> Q.  When you looked to see if there was any traffic going southbound on 35th Street, were you standing next to your car?
> A.  Yes.
> Q.  Were you at the crosswalk?
> A.  Yes.  Right on the crosswalk.

**b. No Evidence of Negligence.**

Defendants further contend that there is no evidence of negligence.  "The elements of a

common law action for negligence are (1) a duty of care owed by the defendant to the plaintiff,

(2) a breach of that duty by the defendant, and (3) damage to the plaintiff, proximately caused by

the breach of duty." *Powell v. District of Columbia*, 634 A.2d 403, 406 (D.C.1993) (citation

omitted). A "duty of care will arise with respect to a condition that poses an 'unreasonably great

risk of harm.'" *Lipnick v. United States*, 717 F. Supp. 902, 904 (D.D.C.1989) (quoting

*Westinghouse Electric Corp. v. Nutt*, 407 A.2d 606, 609 (D.C.1979)).  The only element in

dispute is whether either party breached a duty of care.  Neither party has argued that a duty of

care was not owed to the Plaintiff nor that the Plaintiff's injuries were not proximately caused by

the taxicab striking the Plaintiff.

Plaintiff argues that Defendant Lederer violated his duty of care by driving too fast for

the prevailing conditions at the time of the accident.  In the District of Columbia, "speed shall be

so controlled as may be necessary to avoid colliding with any person, vehicle, or other

conveyance on or entering the street or highway in compliance with legal requirements and the

duty of all persons to use due care."  D.C. Mun. Regs. tit. 18, § 2200.4.  Defendant contends that

he was driving under 15 miles per hour at the time of collision.  (Defs' Mot. for Summ. J. [20] at

9.)  Plaintiff argues that Defendant did not know how fast he was driving thus allowing the

inference that he was driving too fast for the conditions.  (Pl.'s Mem. of P. & A. in Opp'n to

Defs' Mot. for Summ. J. and Pl.'s Counterstatement of Material Facts [22] at 4.)  When the

Defendant was asked in his deposition, "And I believe you said you were going about 5 to 10

miles an hour?" he responded, "Yeah.  Something about that, 10, 12, no more than 15.  I was

definitely driving well under the speed limit." (*Id*. [22-1] at 3).  Based on the variety of

statements made in the deposition by Mr. Lederer, a reasonable jury could infer that Defendant

did not know how fast he was driving and that his speed was excessive for the conditions.

> The Defendant further owed a duty of care to stop for pedestrians in the crosswalk.

> The driver of a vehicle shall stop and remain stopped to allow a pedestrian to cross the roadway within any marked crosswalk, or unmarked crosswalk at an intersection, when the pedestrian is upon the lane, or within one lane approaching the lane, on which the vehicle is traveling or onto which it is turning.  D.C. Code Ann. § 50-2201.28 (West).

Mr. Lederer claims that he drove 100 feet past the crosswalk before colliding with the Plaintiff.

(Defs' Statement of Material Facts Not in Issue [20], ¶ 3.)  Plaintiff countered that the Defendant

is unsure of how far past the crosswalk he drove.  (Pl.'s Mem. of P. & A. in Opp'n to Defs' Mot.

for Summ. J. and Pl.'s Counterstatement of Material Facts [22] at 3.)  A reasonable jury could

conclude that if the Defendant drove past the crosswalk any distance then the Plaintiff could not

have been in the crosswalk.  A jury could also make any number of reasonable inferences

regarding the negligence of the Defendant or contributory negligence of the Plaintiff based on

exactly where the collision occurred, a material fact that is not clearly evident in the record.

The record indicates that a genuine issue of material fact exists regarding whether or not

Plaintiff was in the crosswalk, Defendant was driving too fast for the conditions, or the Plaintiff

was struck in the crosswalk or some distance from the crosswalk.  These material issues of fact

are for the jury to decide after weighing the credibility of the evidence presented and they

preclude the Defendants' Motion for Summary Judgment.

**2. The Plaintiff's Motion for Partial Summary Judgment**

The Plaintiff asserts that whether or not Dr. Becker crossed in the crosswalk, as the Plaintiff contends, Dr. Becker is still entitled to summary judgment on liability because of last clear chance doctrine.  (Pl.'s Mot. for Partial Summ. J. [21].)  Further, Plaintiff insists that both Defendant Lederer and Plaintiff Becker have testified that Dr. Becker was in the crosswalk when he was struck.  Therefore, Plaintiff alleges that he is entitled to summary judgment on Count I (common law negligence) and Count II (negligence per se).

**a. Last Clear Chance**

Plaintiff claims that the last clear chance doctrine allows the Plaintiff to recover as a matter of law.  To prevail under this doctrine, the plaintiff must show:

> (1) the plaintiff was in a position of danger caused by the negligence of both plaintiff and defendant; (2) the plaintiff was oblivious to the danger, or unable to extricate [himself] from the position of danger; (3) the defendant was aware, or by the exercise of reasonable care should have been aware, of the plaintiff's danger and of [his] obliviousness to it, or [his] inability to extricate [himself] from it; and (4) the defendant, with means available to [the defendant], could have avoided injuring the plaintiff after becoming aware of the danger and [the plaintiff's] inability to extricate [himself] from it, but failed to do so.

*Juvenalis v. District of Columbia*, 955 A.2d 187, 196 (D.C. 2008) (citation omitted).

The Plaintiff cites to the jury instructions in several cases suggesting that the last chance doctrine demonstrates Dr. Becker is entitled to summary judgment.  *Juvenalis,* 955 A.2d at 191 n. 2 (citing *Hall v. Carter,* 825 A.2d at 958); *Evans v. Wash. Metro. Area Transit Auth.,* 674 F.Supp.2d 175, 182 n. 2 (D.D.C.2009) (citing *Queen v. Wash. Metro. Area Transit Auth.,* 842 F.2d 476, 481 (D.C.Cir.1988)); *Felton v. Wagner,* 512 A.2d 291, 296 (D.C.1986).  However, each of the four elements listed above are issues of fact appropriate for a jury.  *See* D.C. Std. Civ. Jury Instr. No. 5-18 (Last Clear Chance - allows plaintiff to receive damages even if contributorily negligent).  While the Plaintiff successfully argues that the last clear chance

11

doctrine may allow him to recover even if Dr. Becker is considered contributorily negligent, this argument fails to demonstrate that he is entitled to summary judgment on liability.  All of the cases cited by Plaintiff illustrate that the courts have consistently viewed the last clear chance doctrine as an issue of fact that must be weighed by the jury.  *See Washington Metro. Area Transit Auth. v. Jones*, 443 A.2d 45, 50 (D.C.1982) (noting that the jury weighs witness credibility and resolves disputes regarding speed and distances).  *See Long v. Mercer*, 125 A.2d 685, 688 (D.C. 1956) (the jury decided that the taxi cab owed a duty to ensure the crosswalk was clear before driving through the intersection).  *Mahnke v. Washington Metro Area Transit Auth*., 821 F.Supp.2d 126, 136 (D.D.C. 2011) (the court noted that a reasonable juror could conclude, based on the testimony, that the WMATA bus driver could have stopped after seeing the plaintiff enter the intersection and therefore had the last clear chance to avoid the accident).

### b. Plaintiff Was in the Crosswalk

The Plaintiff further argues that the testimony on record indicates that both the Plaintiff and Defendant testified that Dr. Becker was in a marked crosswalk when he was struck by the taxicab.  (Pl.'s Mem. of P. & A. in Supp. of his Mot. for Partial Summ. J. [21-1] at 2.)  Plaintiff contends that Defendant is now "trying to escape from his admission by filing an errata sheet five months after the transcript was available that would change his testimony that Dr. Becker was in the crosswalk by inserting 'not' before the statement that Dr. Becker was in the crosswalk."  (*Id*.)  According to Plaintiff, this attempted change is barred under Rule 30 of the Federal Rules of Civil Procedure.  (*Id*. at 9.)  While federal courts have strictly applied the 30 day limit to review and submit errata sheets for depositions, this Court does not need to decide this issue as part of summary judgment.  Courts are entitled to enforce Rule 30(e)'s time limit strictly and strike untimely errata, but a Court may also extend the time at the Court's discretion.

*See EBC, Inc. v. Clark Bldg. Sys., Inc.*, 618 F.3d 253, 266 (3d Cir. 2010); *see also Holland v. Cedar Creek Mining Inc.*, 198 F.R.D. 651, 653 (S.D.W.Va 2001) ("This court, like most courts, will insist on strict adherence to the technical requirements of Rule 30(e).").

Defendants argue that Mr. Lederer's statement was a transcription error "confirmed as an error by Affidavit of the court reporter after checking stenographic notes and listening to the backup tape." (Defs' Opp'n to Pl.'s Mot. for Partial Summ. J. [23] at 7.) The so-called "sham affidavit rule," precludes a party from creating an issue of material fact by contradicting prior sworn testimony unless the "shifting party can offer persuasive reasons for believing the supposed correction" is more accurate than the prior testimony. *Galvin v. Eli Lilly & Co.*, 488 F.3d 1026, 1030 (D.C. Cir. 2007) (citation omitted). The purpose of the doctrine is to spare the moving party the needless effort and cost when a party's prior statements show no actual factual dispute exists. *Hinch v. Lucy Webb Hayes Nat. Training Sch. for Deaconesses & Missionaries Conducting Sibley Mem'l Hosp.*, 814 A.2d 926, 929 (D.C. 2003). In this case, Defendants have offered a persuasive explanation for the error backed by the Affidavit of the court reporter. In the light most favorable to the non-moving party, Defendants, Mr. Lederer's explanation of his deposition change as a transcription error confirmed by the court reporter is sufficient to allow it to be considered as part of the record for summary judgment. The intended change in the record demonstrates that there is a genuine dispute as to whether Dr. Becker was in the crosswalk when struck.

### IV. CONCLUSION

In order to prevail on a motion for summary judgment, the moving party must demonstrate that there are no disputed genuine issues of material fact. Fed. R. Civ. P. 56(c), *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986). In order to defeat a motion for summary

judgment, the nonmoving party's opposition "must consist of more than mere unsupported allegations or denials and [it] must be supported by affidavits or other competent evidence setting forth specific facts showing there is a genuine issue for trial." *Marshall v. Shalala*, 16 F. Supp. 2d. 16, 18 (D.D.C. 1998).

In the instant case, a genuine dispute over several material facts precludes summary judgment.  Whether or not Plaintiff crossed at the crosswalk, was struck at the crosswalk or some distance from the crosswalk, how fast the Defendant was driving and whether or not last clear chance doctrine applies to this case are all issues of material fact that the jury must decide after weighing the sufficiency and credibility of the evidence presented at trial.  For the foregoing reasons, this Court concludes that Defendants' Motion for Summary Judgment [20] and Plaintiff's Motion for Summary Judgement [21] are both **DENIED**. A separate Order accompanies this Memorandum Opinion.


Date: April 13, 2016                          _____/s/_____
                                             ALAN KAY
                                             UNITED STATES MAGISTRATE JUDGE